# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

| | |
|---|---|
| DOYLE JONES, <br> ADC #85202, <br> <br> Plaintiff, <br> v. <br> <br> BRANDON CARROLL, Lieutenant, <br> Randall L. Williams Unit; *et al.*, <br> <br> Defendants. | * <br> * <br> * <br> * <br> *   No. 5:18cv00068-JJV <br> * <br> * <br> * <br> * <br> * |

## MEMORANDUM AND ORDER

Plaintiff has filed a *pro se* Amended Complaint alleging Defendants violated his constitutional rights as protected by 42 U.S.C. § 1983. (Doc. No. 4.) Specifically, Plaintiff alleges: (1) Defendant Chambers failed to protect him from being attacked by three other prisoners; (2) Defendants Carroll, Pratt, Foster, and Randal used excessive force against him when responding to that attack; and (3) Defendants Suggs, Wilfong, Floss, Goins, Courtney, Johnson, Cagle, Harris, Freeman, and Whitman failed to provide him with adequate medical care for the shoulder and arm injuries he sustained when force was used against him. (Doc. No. 4.)

Defendants Brandon Carroll, Candis Chambers, Michael Freeman, Lee Randle, Michael Whitman, and Terrell Pratt, have filed a Motion for Summary Judgment, contending Plaintiff failed to exhaust his administrative remedies on his claims against them prior to filing this action. (Doc. Nos. 58-60.) Plaintiff has not responded, and this matter is now ripe for a decision. After careful review, and for the following reasons, I find Defendants' Motion for Summary Judgment should be GRANTED.

## II.	SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.	ANALYSIS

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam).

Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id*. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that prison's grievance policy. *See id*.

The grievance policy of the Arkansas Department of Correction in effect at the time of the alleged constitutional violations was Administrative Directive 14-16, and Plaintiff's allegations are governed by that Directive. (Doc. No. 58-3.) Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (*Id*. at 5.) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the incident. (*Id*.) The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (*Id*. at 5-6.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form. (*Id*. at 8.) The warden or his designee must provide a written response within twenty working days of receipt. (*Id*. at 10.)

An inmate who is dissatisfied with the response, or who does not receive a response within the allotted time, may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director. (Doc. No. 58-3 at 10-11.) The Chief Deputy/Deputy/ Assistant Director must provide a written response within thirty working days. (*Id*. at 12.) "A

written decision or rejection of an appeal at this level is the end of the grievance process." (*Id*.)

Administrative Directive 14-16 includes the following warning:

> Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC. Inmates must fully exhaust the grievance prior to filing a lawsuit. Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(Doc. No. 58-3 at 4-5.)

### A. Non-medical Grievances

Defendants contend Plaintiff failed to properly exhaust any non-medical grievance pertaining to the claims in this lawsuit. In support of their argument, they submit the Declaration of Terri Grigsby Brown, the ADC's Inmate Grievance Supervisor, who states Plaintiff filed two non-medical grievances – RLW-15-00465 and RLW-15-00474. (Docs. No. 58-1 at 6, 58-5, 58-8.) For grievance RLW-15-465, Ms. Grigsby Brown states "The grievance does not name or make reference to Brandon Carroll, Candis Chambers, Michael Freeman, Lee Randle, Michael Whitman, and/or Terrell Pratt. In fact, the grievance does not name or make reference to any of the ADC Defendants named in this matter." (Doc. No. 58-1 at 6.) A review of this grievance confirms these Defendants have not been named (Doc. No. 58-5), so Plaintiff failed to exhaust any of his claims through grievance RLW-15-00465.

The other non-medical grievance, RLW-15-00474, names Defendants Carroll and Randle, but according to Ms. Grigsby Brown, "Grievance RLW-15-00474 was rejected because it pertained to a disciplinary matter. Inmate Jones did not appeal that rejection of grievance RLW-15-00474." (Doc. No. 58-1 at 6.) Additionally, Plaintiff was "over [his] weekly limit" of grievances because "Administrative Directive 14-16 limits the inmates to three formal grievances per week." (*Id.* at 7.) Accordingly, I find Plaintiff failed to exhaust grievance RLW-15-00474.

4

Ms. Grigsby Brown also states, "During my review of Inmate Jones's grievance history and grievance appeal file, I also found that, prior to filing this lawsuit; Inmate Jones did not file or fully exhaust a single non-medical grievance naming Candis Chambers, Michael Freeman, Michael Whitman, and/or Terrell Pratt pertaining to the claims in the present lawsuit. In fact, between November 2015 and March 8, 2018, the date he filed this lawsuit, Inmate Jones did not specifically name or claim in any grievance that [any of these Defendants] had in any manner violated his constitutional rights." (*Id.* at 7-8.) Thus, Defendants Candis Chambers, Michael Freeman, Michael Whitman, and Terrell Pratt should be dismissed from this cause of action for that reason alone.

### B. Medical Grievances

Defendants contend that medical grievances RLW-15-00466 and RLW-15-00467 should also be considered unexhausted against Defendants Carroll, Chambers, Freeman, Randle, Whitman, and Pratt. Defendants have provided the Declaration of Shelly Byers. (Doc. No. 58-2.) Ms. Byers is the Medial Grievance Supervisor and she concludes, ". . . from November 2015 until the date he filed this lawsuit on March 8, 2018, Inmate Jones did not specifically name or claim in any medical grievance that Candis Chambers, Michael Freeman, Michael Whitman, and/or Terrell Prat had in any manner violated his constitutional rights." (*Id.* at 7-8.) Ms. Byers includes the medical grievances filed during this period and there is no mention of any of these four Defendants. (Doc. Nos. 58-6, 58-7.) I have reviewed the grievances and find Defendants Chambers, Freeman, Whitman, and Pratt should clearly be dismissed from this cause of action for Plaintiff's failure to exhaust his administrative remedies against them.

However, I find it to be a much closer call for Defendants Carroll and Randle. In grievance RLW-15-00466, Plaintiff states, "On November 12, 2015, Lt. Carroll, COII Randle, COII Foster,

and other officers threw me face down on the concrete and bent my left arm up to the back of my neck and tore my shoulder of the joint for no reason." (Doc. No. 58-6.) In grievance RLW-15-00467, Plaintiff says, "Lt. Carroll, COII Foster, COII Randall and other ADC Officers tore my shoulder out of socket." (Doc. No. 58-7.)

> Defendants argue:
>
> Grievances RLW-15-00466 and RLW-15-00467 are both medical grievances and do not pertain to his failure protect[1] claim against Carroll and Randle. In his appeal of grievance RLW-15-00466, Jones specifically states that the grievance concerns "where after the altercation on November 12, 2015, without any medical treatment, Captain Courtney and Lt. Goins tried to have [him] transferred" and it was only after he filed two emergency grievances that he was taken for medical treatment. In grievance RLW-15-00467, Jones complains about being denied treatment by the medical department when he returned from the hospital. For these reasons, Jones failed to exhaust his administrative remedies against ADC Defendants Carroll and Randle.

(Doc. No. 59 at 14.)

I find Defendants' argument to be persuasive. A close review of Plaintiff's grievances shows his complaints are based on the denial of medical treatment. (Docs. No. 58-6 at 1, 58-7 at 1.) Grievance RLW-15-00466 is an "Emergency Grievance" and states, "I am in pain being denied medical treatment by medical and staff, when my shoulder is tore [sic] out of place." (Doc. No. 58-6 at 1.) And as Defendants point out, Plaintiff's appeal reveals his issue is regarding a lack of medical care. (*Id.* at 2.) Grievance RLW-15-467 is "concerning Medical" and identifies his issue as "They took my medication and will not give me anything else for my shoulder and back – I am in pain." (Doc. No. 58-7 at 1.) On the face of grievances RLW-15-00466 and RLW-15-00467, I find Plaintiff has not grieved his claims of excessive force by Defendants Carroll and Randle. Therefore, he has failed to exhaust his administrative remedies against them.

---

[1] Plaintiff's claims against Defendants Carroll and Randle involve an allegation excessive force.

I realize Plaintiff's allegations are serious and he may perceive my exhaustion findings are some unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The United States Court of Appeals for the Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson v. Jones*, 340 F.3d 624, 626-27 (8th Cir. 2003); *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court,' and it discourages 'disregard of [the agency's] procedures.'") (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Accordingly, Plaintiff's claims against Defendants Brandon Carroll, Candis Chambers, Michael Freeman, Lee Randle, Michael Whitman, and Terrell Pratt should be dismissed without prejudice for failure to exhaust his administrative remedies.

IV.   **CONCLUSION**

1. Defendants' Motion for Summary Judgment (Doc. No. 58) is GRANTED.

2. Plaintiff's claims against Defendants Brandon Carroll, Candis Chambers, Michael Freeman, Lee Randle, Michael Whitman, and Terrell Pratt are DISMISSED without prejudice for failure to exhaust administrative remedies.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

DATED this 3rd day of October, 2018.

                                                          /s/ Joe J. Volpe
                                                          JOE J. VOLPE
                                                          UNITED STATES MAGISTRATE JUDGE