## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

| | | |
|---|---|---|
| DOYLE JONES, | * | |
| ADC #85202, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 5:18cv00068-JJV |
| | * | |
| BRANDON CARROLL, Lieutenant, | * | |
| Randall L. Williams Unit; *et al.*, | * | |
| | * | |
| Defendants. | * | |

## **MEMORANDUM AND ORDER**

Plaintiff has filed a *pro se* Amended Complaint alleging Defendants violated his constitutional rights as protected by 42 U.S.C. § 1983. (Doc. No. 4.) Specifically, Plaintiff alleges: (1) Defendant Chambers failed to protect him from being attacked by three other prisoners; (2) Defendants Carroll, Pratt, Foster, and Randal used excessive force against him when responding to that attack; and (3) Defendants Suggs, Wilfong, Floss, Goins, Courtney, Canada-Johnson, Cagle, Harris, Freeman, and Whitman failed to provide him with adequate medical care for the shoulder and arm injuries he sustained when force was used against him. (Doc. No. 4.)

Defendants Dr. Robert Floss, Patty Cagle, Janice Harrison, Latanya Wilfong, Denise Canada-Johnson and Wanda Suggs ("Medical Defendants"), have filed a Motion for Partial Summary Judgment, contending Plaintiff failed to exhaust his administrative remedies on some of his claims against them prior to filing this action. (Doc. Nos. 61-63.) Plaintiff has not responded, and this matter is now ripe for a decision. After careful review, and for the following reasons, I find Defendants' Motion for Partial Summary Judgment should be GRANTED in part and DENIED in part.

## II.  SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.  ANALYSIS

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam).

Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that prison's grievance policy. *See id.*

The grievance policy of the Arkansas Department of Correction in effect at the time of the alleged constitutional violations was Administrative Directive 14-16, and Plaintiff's allegations are governed by that Directive. (Doc. No. 62-1.) Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (*Id.* at 5.) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the incident. (*Id.*) The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (*Id.* at 5-6.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form. (*Id.* at 8.) The warden or his designee must provide a written response within twenty working days of receipt. (*Id.* at 10.)

An inmate who is dissatisfied with the response, or who does not receive a response within the allotted time, may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director. (*Id.* at 10-11.) The Chief Deputy/Deputy/ Assistant Director must provide a written response within thirty working days. (*Id.* at 12.) "A written

decision or rejection of an appeal at this level is the end of the grievance process." (*Id*.) Administrative Directive 14-16 includes the following warning:

> Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC. Inmates must fully exhaust the grievance prior to filing a lawsuit. Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(*Id*. at 4-5.)

### A. Plaintiff's Allegations Against Medical Defendants

Plaintiff was involved an altercation on or around November 12, 2015,[1] with another inmate at the Randall L. Williams Unit in Pine Bluff, Arkansas, where he says responding prison officials applied excessive force and injured his shoulder. (Doc. No. 4 at 5-6.) After the altercation, officials placed him in a van for transportation to the Grimes Unit in Newport, Arkansas. (*Id.* at 6.) He says Ms. Suggs "was over the infirmary" and did not treat his injuries. (*Id.* at 6-7.) Plaintiff says, "Ms. Suggs intentionally deprived me of medical care, or an opportunity to receive medical care for what were obvious injuries." (*Id.* at 7.) Upon arrival at the Grimes Unit, Plaintiff says officials there were concerned about his medical condition and, "Lt. Johnson made some phone calls and then instructed Sgt. Staggs to return [him] to the Randall L. Williams Unit to get some medical treatment." (*Id.*) Plaintiff remained in segregation until the next day when, "Ms. Cagle from the infirmary took [his] temperature and blood pressure, and [Mr. Jones] told Nurse Cagle that [he] needed to have [his] left arm and shoulder put back in place." (*Id.*) Plaintiff says his requests for treatment were denied and he remained in pain; because he filed two emergency grievances, he was finally seen on November 13, 2015. (*Id.*) Plaintiff's shoulder and

---

[1] Plaintiff's exact dates do not appear to be correct.

arm were x-rayed but he not treated and, instead, returned to "segregation, 11-cell, with no medical treatment, [where he] continued to experience tremendous pain." (*Id.* at 8.) Plaintiff says "Nurse Harris"[2] saw the extent of his injuries but "disregarded [his] obvious need for immediate medical attention." (*Id.*) Later that evening officers took Plaintiff to the infirmary where "Nurse Johnson met [them] at the infirmary door and told [the officers] she was not going to see [Plaintiff]." (*Id.*) Officers returned Plaintiff to his cell where he continued to suffer from "tremendous pain." (*Id.*)

Plaintiff was eventually taken to the Jefferson Regional Medical Center in Pine Bluff where doctors "put [his] left arm and shoulder back in place." (*Id.*) The hospital doctor prescribed him pain medication but when he returned to the Randall L. Williams Unit, Dr. Floss and Nurse Wilfong refused to honor his prescription. (*Id.*) Plaintiff says he was denied pain medication for approximately three days. (*Id.*) He was later transferred to the Grimes Unit and says his "shoulder and back still give [him] problems, as a result of having been thrown down by the officers at the Randall L. Williams Unit." (*Id.*)

**B.    Defendants' Motion for Partial Summary Judgment**

Defendants contend that Plaintiff has not exhausted all of his claims and seek to limit his Amended Complaint for failure to exhaust. Defendants have provided the Declaration of Shelly Byers. (Doc. No. 62-3.) Ms. Byers is the Medial Grievance Supervisor and she concludes, "According to the ADC inmate grievance records, Mr. Jones lodged five formal medical grievances during [the relevant] period of time – grievance numbers RLW15-00447; RLW15-00465; RLW15-00466; RLW15-00467; and GR-15-01715." (*Id.* at 1.) According to Ms. Byers, Plaintiff failed to fully appeal grievances RLW15-0447 and GR-15-01715, so I find those

---

[2] Plaintiff identifies her as Nurse Harris but is speaking of Defendant Janice Harrison. (Doc. No. 19.)

grievances unexhausted and will focus my inquiry on RLW15-00465, RLW15-00466, and RLW15-00467.

        1.      Grievance RLW15-00465

Defendants argue:

> As to grievance number RLW15-0465, Plaintiff complained about several ADC officials and non-party nurses, however, Plaintiff did not raise any issue related to Medical Defendants, Dr. Robert Floss, Patty Cagle, Janice Harrison, Latanya Wilfong, Denise Canada-Johnson or Wanda Suggs. SOF12. Moreover, ADC officials did not identify Medical Defendants in their response to that grievance. Id. Accordingly, Plaintiff did not administratively exhaust any claims against Medical Defendants in grievance number RLW15-0465.

(Doc. No. 63 at 7.)

Defendants are correct with all *but* Defendant Denise Canada-Johnson. Plaintiff states officers took him to the infirmary and "nurse Johnson would not see me." (Doc. No. 62-2 at 9.) Therefore, I find Plaintiff has failed to exhaust his claims against Defendants Floss, Cagle, Harrison, Wilfong, or Suggs through grievance RLW15-00465.

        2.      Grievance RLW15-00466

Defendants argue:

> As to grievance number RLW15-0466, Plaintiff complained about several ADC officials and Defendant Wanda Suggs, however, Plaintiff did not raise any issue related to Medical Defendants, Dr. Robert Floss, Patty Cagle, Janice Harrison, Latanya Wilfong, or Denise Canada-Johnson. SOF 13. ADC officials did mention Medical Defendants Cagle, Floss and Harrison in their response to that grievance. Id. There was no mention of Medical Defendants Latanya Wilfong or Denise Canada-Johnson in that grievance.

(Doc. No. 63 at 8.)

Upon review of the grievance (Doc. No. 62-2 at 10-12), I agree with Defendants regarding *only* Defendants Wilfong and Canada-Johnson. While he only identified Defendant Suggs in his grievance (*Id.* at 12), officials responding to his grievance identify Defendants Cagle, Floss, and

Harrison. As Defendants acknowledge in their brief, prison officials waived the procedural flaws and decided the issue on the merits at all three stages of the exhaustion process. *See Hammett v. Cofield,* 681 F.3d 945, 947 (8th Cir. 2012) ("the PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits"). So, Plaintiff failed to exhaust this grievance *only* with respect to Defendants Wilfong and Canada-Johnson.

3.  Grievance RLW15-00467

Defendants argue:

> As to grievance number RLW15-0467, Plaintiff complained about several ADC officials and Medical Defendants Wilfong, Suggs and Floss, however, Plaintiff did not raise any issue related to Medical Defendants, Patty Cagle, Janice Harrison or Denise Canada-Johnson. SOF 14. Moreover, ADC officials did not identify Medical Defendants, Patty Cagle, Janice Harrison or Denise Canada-Johnson in their response to that grievance.

(Doc. No. 63 at 8.)

I have reviewed grievance RLW15-00467 and agree with Defendants' assertion. Plaintiff has failed to exhaust this grievance with respect to Defendants Cagle, Harrison, and Canada-Johnson.

C.  **Limitation of Plaintiff's Claims**

Medical Defendants have put forth a vigorous defense. They have correctly shown Plaintiff has not exhausted all his claims in any one single grievance and I agree their Motion should be granted in part. Defendants seek that Plaintiff's Amended Complaint be limited based on this ruling. However, as more fully explained below for each Defendant, limiting these claims through this Motion does not provide Medical Defendants any substantive relief.

Below I have identified – by Defendant – Plaintiff's claims alleged in his Amended Complaint. I have also recited the pertinent part of his grievances with respect to each of his

claims. Although these portions of Plaintiff's grievances are not precise, I find they pass muster under the law of exhaustion. I also find many of the poorly presented concerns Plaintiff recited in these grievances were resuscitated by the responses filed in accordance with *Hammett v. Cofield,* 681 F.3d 945, 947 (8th Cir. 2012).

### 1. Defendant Suggs

I agree that Plaintiff has failed to exhaust any claims against Defendant Suggs in RLW15-00465 as she is not mentioned anywhere in that grievance. However, Plaintiff's Amended Complaint and grievance RLW15-00466 both assert an allegation that Defendant Suggs failed to treat Plaintiff for his injured arm shortly after the altercation with officers. (Doc. Nos. 4 at 6-7, 62-2 at 10.) I find the defense has failed to show an issue of exhaustion that would prevent these claims against Defendant Suggs from proceeding.

### 2. Defendant Cagle

I also agree that Plaintiff has failed to exhaust any claims against Defendant Cagle in grievances RLW15-00465 and RLW15-00467 as she is not mentioned anywhere in those grievances. However, Plaintiff's Amended Complaint says Nurse Cagle was aware he needed to have his "arm and shoulder put back in place" but she failed to provide treatment. (Doc. No. 4 at 7.) The response to grievance RLW15-00466 says Plaintiff was "assessed by Nurse Cagle" but "would not allow the nurse to assess [him]. . . [and he] would not allow to completely assess the range of motion in [his] shoulder." (Doc. No. 62-2 at 10.) The grievance provides justification for Nurse Cagle's actions, but this is a fact question and I find the defense has failed to show an issue of exhaustion that would prevent Plaintiff's claims against Defendant Cagle from proceeding.

3.      Defendant Harrison

Plaintiff has failed to exhaust any claims against Defendant Harrison in grievances RLW15-00465 and RLW15-00467 as she is not mentioned anywhere in those grievances. However, Plaintiff's Amended Complaint alleges Defendant Harrison knew of his injury but failed to provide treatment. (Doc. No. 4 at 8.) The response to grievance RLW15-00466 says "Nurse Harrison noted that [Plaintiff] was escorted to the infirmary for complaints of [his] shoulder being dislocated. She noted that upon examination, [his] shoulder did appear to be possibly displaced. Dr. Floss was contacted and gave an order for an x-ray." (Doc. No. 62-2 at 10.) Although the grievance appears to show Plaintiff was treated, this again only creates a fact question and does not eliminate this claim on a theory of failure to exhaust. Therefore, I find the defense has failed to show an issue of exhaustion that would prevent Plaintiff's claims against Defendant Harrison from proceeding.

4.      Defendant Canada-Johnson

I agree that Plaintiff has failed to exhaust any claims against Defendant Canada-Johnson in grievances RLW15-00466 and RLW15-00467 as she is not mentioned anywhere in those grievances. However, Plaintiff's Amended Complaint states that Defendant Canada-Johnson refused to see Plaintiff at the infirmary to treat his injury. (Doc. No. 4 at 8.) Grievance RLW15-00465 says Plaintiff was taken to the infirmary for treatment but "Nurse Johnson would not see me." (Doc. No. 62-2 at 9.) I find the defense has failed to show an issue of exhaustion that would prevent Plaintiff's claims against Defendant Canada-Johnson from proceeding.

5.      Defendant Floss

I agree that Plaintiff has failed to exhaust any claims against Defendant Floss in grievance RLW15-00465. But Plaintiff says he had been prescribed pain medication by his treating doctor

9

at the Jefferson Regional Medical Center and, upon returning to the Randall L. Williams Unit, Dr. Floss refused to honor this prescription. (Doc. No. 4 at 8.) Plaintiff did not identify Dr. Floss by name, but the response to grievance RLW15-00466 says, "You state Dr. Floss changed your medication." (Doc. No. 62-2 at 13.) I find the defense has failed to show an issue of exhaustion that would prevent Plaintiff's claims against Defendant Floss from proceeding.

### 6. Defendant Wilfong

Finally, I agree that Plaintiff has failed to exhaust any claims against Defendant Wilfong in grievances RLW15-00465 and RLW15-00466 as she is not mentioned anywhere in those grievances. The Amended Complaint, however, alleges Defendant Wilfong along with Dr. Floss denied Plaintiff his prescribed pain medication. (Doc. No. 4 at 8.) And in grievance RLW15-00467, Plaintiff says when he returned to the Randall L. Williams Unit, "Nurse Wilfong called [Dr. Floss] and my medication was rewrote[sic]. Ms. Cox the nurse came by and I am getting nothing for my shoulder that was tore out of place, I am being denied medical treatment by the medical department Correct Care Solutions." (Doc. No. 62-2 at 15.) I find the defense has failed to show an issue of exhaustion that would prevent Plaintiff's claims against Defendant Wilfong from proceeding.

## IV. CONCLUSION

1. Defendants' Motion for Partial Summary Judgment (Doc. No. 61) is GRANTED in part as outlined herein; the Motion is DENIED with respect to dismissal of Defendant Canada-Johnson.

2. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

DATED this 3rd day of October, 2018.

                                                        _____
                                                        JOE J. VOLPE
                                                        UNITED STATES MAGISTRATE JUDGE